**FILED**

**DEC - 1 2005**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 05 CR 727 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | The Honorable Amy J. St. Eve |
| | ) | |
| CONRAD BLACK, | ) | |
| Defendant | ) | |

## AFFIDAVIT

CONRAD BLACK, being duly sworn, deposes and says:

1. I am a named Defendant in the above captioned case. I am a citizen of the United Kingdom. My residence is in Toronto, Canada, with my wife and children.

2. On November 17, 2005, I was charged in the above cited Indictment. Although I am currently in Toronto, Ontario, Canada, I intend to appear before this Honorable Court for the purposes of arraignment in this matter.

3. I hereby voluntarily and irrevocably waive any rights to contest extradition from Canada or the United Kingdom to the United States, in relation to the charges set out in the Indictment in this case.

4. In the event that I do not return to the United States of America as required, I hereby consent to my extradition or rendition to the United States of America from Canada or the United Kingdom and waive any and all rights I may have to contest my

extradition or rendition to the United States of America from Canada or the United Kingdom in relation to the charges set out in the Indictment.

5. I hereby irrevocably consent to my committal for surrender and to my surrender to the United States of America in any extradition proceedings in Canada or the United Kingdom relating to the charges set out in the Indictment, and I irrevocably consent to this affidavit being filed in any such extradition proceedings, pursuant to sections 70 and 71 of the *Canadian Extradition Act*, S.C. 1999, c. 18.

6. I also hereby irrevocably waive extradition to the United States of America in any extradition proceedings relating to the charges set out in the Indictment and I irrevocably consent to this affidavit being filed in any such proceedings as evidence of my waiver of extradition, pursuant to section 72 of the *Extradition Act*.

7. I also irrevocably waive my right to seek bail in Canada or the United Kingdom in any extradition proceedings relating to the charges set out in the Indictment. I fully understand and agree that upon this waiver being filed with the Court in any extradition proceedings relating to the charges set out in the Indictment, I would be conveyed without delay to the United States, without the protection of specialty, and that I would not have the right to make any appeal or application for judicial review.

8. I hereby irrevocably admit that there is a sufficient basis for extradition and that all the prerequisites exist for extradition, pursuant to the *Extradition Act* and the

Convention on Extradition Between Canada and the United States of America, 27 U.S.T. 983, T.J.A.S. 237, in relation to the charges set out in the Indictment.

9. I make these admissions solely with regard to the issue of extradition proceedings and in order to help effectuate my ability to travel to and from Canada or the United Kingdom while these charges are pending in the United States. These admissions cannot be used for any other purpose or in any other proceedings not related to extradition.

10. I make this waiver freely and voluntarily, after having consulted with my attorney and with the full knowledge as to the nature of the rights I am waiving. In this regard I have spoken with counsel in both Canada and the United States. My rights and options have been explained to me and I understand them.

FURTHER AFFIANT SAYETH NOT

_____        30/11/05
CONRAD BLACK                            DATE

The foregoing instrument was acknowledged before me this 30th day of November 2005, by CONRAD BLACK who is personally known to me and did take an oath.

DATED this 30th day of November, 2005.

_____
A Commissioner, etc.