UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            v.                   )   No. 05 CR 727
                                 )   Honorable Amy J. St. Eve
CONRAD M. BLACK, *et al.*         )

DEFENDANT ATKINSON'S BENCH MEMO
ADDRESSING THE ADMISSIBILITY OF PETER
ATKINSON'S STATEMENT TO JONATHAN ROSENBERG

The purpose of this bench memo is to address the admissibility of Peter
Atkinson's statement to government witness Jonathan Rosenberg that David Radler had told
Atkinson the U.S. Community non-competition payments had been approved. For the very same
reasons that the Court permitted government witness Fred Creasey to testify on cross
examination earlier in this trial as to an almost identical statement made by Atkinson, the
statement made to Mr. Rosenberg should be permitted.

Atkinson's statement to Mr. Rosenberg that Radler told Atkinson that the U.S.
Community non-competition payments were approved is admissible under the "state of mind"
exception to the hearsay rule found in Federal Rule of Evidence 803(3). It is well-established
that a defendant in a criminal case is entitled to offer his own statements when relevant to show
his state of mind. *See United States v. Hughes*, 970 F.2d 227, 233-34 (7th Cir. 1992) (holding
that defendant's prior statement that he intended to purchase drugs for personal use rather than
for distribution "was admissible under Federal Rule of Evidence 803(3) because it was offered to
show [defendant's] then existing state of mind and because it was relevant to the theory of the
defense," but that trial court's erroneous exclusion of statement was harmless); *United States v.*

*Peak*, 856 F.2d 825, 834 (7th Cir. 1988) (holding that the trial court's exclusion of defendant's statements was reversible error because the excluded statements "fell squarely within the state-of-mind exception to the hearsay rule . . . ."); *United States v. DiMaria*, 727 F.2d 265, 270-72 (2d Cir. 1984) (reversing conviction based on trial court's erroneous exclusion of statements by defendant at time of his arrest indicating his lack of knowledge that cigarettes in his possession were stolen); *United States v. Harris*, 733 F.2d 994, 1003-04 (2d Cir. 1984) (trial court's exclusion of defendant's prior statements showing his state of mind was reversible error).

During the testimony of Fred Creasey, the Court permitted Atkinson's counsel to elicit testimony that is nearly identical to what counsel now seeks to elicit from Mr. Rosenberg. In testifying on cross-examination about his investigation into the non-compete payments at issue, Mr. Creasey was permitted to testify to the following:

> Q. And after you had reviewed whatever documents you did for a couple of days, you brought this -- you brought this -- matter to the attention of Peter Atkinson?
>
> You had a meeting with Peter Atkinson; is that correct?
>
> A. Yeah. I looked at documents for one day; and, then, the next day I met with Peter Atkinson.
>
> Q. And that -- I believe you testified, you believe -- occurred on October 23rd, 2003?
>
> A. Yes.
>
>           *   *   *
>
> Q. And you told Peter in this meeting that you were unable to find Minutes of any Audit Committee meeting where the U.S. Community non-compete payments had been approved; is that right?
>
> A. That's correct.
>
> Q. Now, when you brought this to Peter's attention, he was the recipient of some of the payments that you were

> saying you couldn't find documentation had been approved;
> is that correct?
>
> A. That's correct.
>
> Q. And when you told Peter about this, he said that David
> Radler had told him that these payments had been
> approved; is that correct?
>
> A. Sometime during the phone -- my meeting, yes, I do recall
> Peter saying that he believed they were approved.  I
> think he said David told him.
>
> Q. And the "David" you understood to be a reference to David
> Radler had told him these had been approved?
>
> A. Yes.

(Trial Transcript ("Tr.") at 3611:18-3613:1).

The nature of the testimony sought to be elicited from Mr. Rosenberg now is no

different than that of Mr. Creasey.  In response to testimony elicited on direct examination that

Atkinson told Mr. Rosenberg he had received $610,000 in U.S. Community non-competition

payments (Tr. at 9408:7-9409:11), Mr. Rosenberg will be asked simply whether Atkinson told

him during the Special Committee's interview that Radler told Atkinson his three U.S.

Community non-competition payments had been approved.  It is expected that, consistent with

the typewritten memorandum of interview,  Mr. Rosenberg will answer that question

affirmatively (Atkinson Exhibit Special Committee-1, at 35).

Mr. Rosenberg's testimony is critically important to Atkinson's defense.

Atkinson's voluntary interview with the Special Committee on October 9 and 10, 2003 was the

first time Atkinson was asked about his receipt of U.S. Community non-competition payments,

and his immediate response was that Radler told him the payments had been approved.  The fact

that he made this statement when first asked about the U.S. Community non-competition

payments is highly probative of Atkinson's state of mind regarding the payments. As quoted above, the Court permitted Mr. Creasey to testify during cross examination to demonstrate Mr. Atkinson's state of mind, and there is no difference in the character or quality of the testimony sought from Mr. Rosenberg that would warrant precluding his virtually identical testimony now.

The Court also addressed a similar hearsay objection in connection with Atkinson Exhibit Torys 54, in which Mr. Atkinson wrote, among other things, "Everyone has always been told the Audit Committee approved these." The government's hearsay objection to Torys 54 was overruled by the Court in an April 2, 2007 order stating that "The Court will instruct the jury that the document is not being offered for the truth of the matter but rather to show Defendant Atkinson's state of mind." (R. 546). Like Atkinson's statement in Atkinson Exhibit Torys 54, his statement to Mr. Rosenberg would not be offered for the truth of the matter asserted but rather to show Atkinson's state of mind.

For the foregoing reasons, Peter Atkinson respectfully submits that Mr. Rosenberg be permitted to testify regarding Atkinson's statement during his Special Committee Interview that David Radler had told Atkinson the U.S. Community non-competition payments had been approved.

Dated:  May 18, 2007          Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Benito Romano
Michael S. Schachter
Ian K. Hochman
Sharon M. Blaskey
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

*Attorneys for Peter Atkinson*

3751548

## CERTIFICATE OF SERVICE

I, Ian K. Hochman, an attorney, hereby certify that on this 18th day of May, 2007,

I served the foregoing Defendant Atkinson's Bench Memo Addressing the Admissibility of Peter

Atkinson's Statement to Jonathan Rosenberg, using the Court's ECF system. Notice of

Electronic Case Filing has been sent to the following registered parties, which constitutes service

of same:

Edward M. Genson
Genson & Gillespie
53 West Jackson Boulevard, Suite 1420
Chicago, IL 60604

Patrick A. Tuite
Arnstein & Lehr
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606-3913

Ronald S. Safer
Patricia Brown Holmes
Schiff Hardin LLP
233 South Wacker Drive
6600 Sears Tower
Chicago, IL 60606

Michael E. Swartz
Sung-Hee Suh
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Marc W. Martin
Marc Martin, Ltd.
53 West Jackson Boulevard, Suite 1420
Chicago, IL 60604

Richard A. Greenberg
Newman & Greenberg
950 Third Avenue, 32nd Floor
New York, NY 10022

Edward L. Greenspan
Greenspan & White
144 King Street East
Toronto, Canada M5C1G3

Eric H. Sussman
Jeffery H. Cramer
Julie B. Ruder
Assistant U.S. Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, IL 60604

    /s/ Ian K. Hochman
Ian K. Hochman