USA v Conrad Black

FILED
JUL 19, 2007
JUDGE AMY ST. EVE
United States District Court

**CANADA**
**PROVINCE OF ONTARIO**
**CITY OF TORONTO**

**IN RE: UNITED STATES OF AMERICA v. CONRAD BLACK**

**AFFIDAVIT OF THE HONOURABLE FRED KAUFMAN, Q.C.**

1. I am the Honourable Fred Kaufman, Queen's Counsel. I reside in the City of Toronto, Province of Ontario, Canada.

2. I received a law degree from McGill University, in Montreal, Province of Quebec, Canada, in 1954, and I received my call to the Bar of Quebec in 1955. I am also a member of the Law Society of Alberta, Canada.

3. I practiced law in Quebec and Alberta from 1955 to 1973. My practice was restricted to to criminal, constitutional and administrative law, and in the course of my practice I appeared in trial courts, appellate courts and the Supreme Court of Canada. I also appeared in extradition matters both to and from Canada, and on some occasions I gave advice to foreign governments in extradition cases. From 1968 to 1973 I was an assistant professor in the Faculty of Law at McGill University, where I gave courses on evidence and criminal procedure. In 1968 I was the author of a book entitled "The Admissibility of Confessions in Criminal Matters," which was the leading text on the subject, with two further editions and three Supplements in later years.

4. In 1973 I was appointed by the federal government to the Quebec Court of Appeal, which is the highest court in the province. I served in that capacity until 1991, when I retired. During my years on the bench I heard approximately 3,000 appeals, and wrote leading or dissenting opinions in about 1,000 cases.

5. While serving as a judge, I became an active participant in the functions of the Law Reform Commission of Canada, with emphasis on criminal law. I also lectured extensively at seminars for Superior Court and Appellate judges.

6. My services on the bench and to the community were officially recognized by the Governor General of Canada in 1992, when I became a Member of the Order of Canada.

7. Following my retirement I returned to the practice of law, serving as counsel to my former law firm, now known as Yarosky, Daviault and Isaacs, whose offices are located in the City of Montreal. In 1996, I moved to Toronto, where I joined an alternative dispute resolution firm known as ADR Chambers. I also keep a private office and I conduct discipline hearing for the Investment Dealers Association of Canada, the Mutual Fund Dealers Association of Canada, and the Toronto Stock Exchange.

8. I have carefully examined the Affidavit executed by the Defendant Conrad Black on July 13, 2007, before the Honorable Amy J. St. Eve, United States District Court Judge.

9. In my opinion, this Affidavit is as complete a waiver of extradition as is possible under circumstances. I note in particular that the affiant, in paragraph 5, not only consents to his extradition, but also to his rendition from Canada to the United States of America.

10. Sections 70, 71 and 72 of the Extradition Act of Canada (S.C. 1999, c. 18) ("the Act") deal, respectively, with consent to committal, consent to surrender, and the waiver of extradition. The Affidavit executed by the Defendant deal with all three situations. In addition, as a further safeguard, the affiant also irrevocably admits that a "sufficient basis for extradition" from Canada or the United Kingdom to the United States of America exists, and also "that all the prerequisites" are in place. I interpret this to mean that even if the matter came to be heard by a competent court, extradition would be ordered on the strength of that admission, made, as it was, before judge in the United States of America.

11. The fact that the Affidavit was sworn outside Canada is, in my opinion, irrelevant, so long as the necessary formalities were observed, as they clearly were in this case.

12. I say in paragraph 9 of this affidavit that the waiver is as complete as possible "under the circumstances." The reason for this qualification is that subsection 1 of section 72 of the Act reads as follows: "A person may, at any time after arrest or appearance, waive extradition in writing and before a judge." "Judge" is defined as a judge of the competent court in Canada. Clearly, at this stage, there had been no arrest or appearance, and no Canadian judge is seized of the matter. The waiver envisaged by that section cannot, therefore, be made in advance. However, it is my opinion, that the Affidavit filed by the Defendant, is a clear indication not only that grounds for extradition exist, but also that he undertakes to execute such further documents as may be required to give effect to his undertaking to waive extradition or rendition.

13. Therefore, based on my experience and legal knowledge, I am of the view that the waiver contained in the Affidavit is of a nature that a Canadian court would give it effect and rule accordingly.

FRED KAUFMAN

Sworn to before me this 18th day
of July, 2007, in the City of Toronto,
Province of Ontario.

L. DAVID ROEBUCK
Commissioner and Notary for the
Province of Ontario, Canada.

# THE HONOURABLE FRED KAUFMAN, C.M., Q.C., F.R.S.C.

**Barrister and Solicitor (Quebec and Alberta)**
**Certified Commercial Arbitrator**

Suite 1900
439 University Avenue
Toronto, Ontario
M5G 1Y8

Phone: 416-593-9229    E-mail: kaufmanf@bellnet.ca    Fax: 416-408-2372

| | |
|---|---|
| Date of birth: | May 7, 1924 |
| Called to the Bars of: | Quebec 1955 |
| | N.W.T. 1961 |
| | Alberta 1968 |
| Languages: | English, French, German |

**Post-secondary Education:**

| | | |
|---|---|---|
| 1946 | B.Sc. | Bishop's University, Lennoxville, Quebec; |
| 1953 | B.A. | Université de Montréal (Thomas Moore Institute); |
| 1954 | B.C.L. | McGill University; Chief Justice Greenshilds Prize in Criminal Law, Crankshaw Prize in Criminal Evidence and Procedure; Editor-in-Chief, The McGill Law Journal, 1953-54; |
| 1955 | | Bar Admission Course; Ballon Gold Medal for highest standing; |
| 1991 | M.B.A. | Concordia University, Montreal. |

**Employment History:**

| | |
|---|---|
| 1946 - 1952 | Reporter, The Montreal Star; |
| 1948 - 1950 | Correspondent (part-time), Saturday Night (Toronto); |
| 1950 - 1954 | Correspondent (part-time), Time and Life; |

| | |
|---|---|
| 1955 - 1973 | Senior Partner, Kaufman, Yarosky & Fish, Barristers & Solicitors, Montreal. |
| 1973 - 1991 | Judge of the Quebec Court of Appeal; Acting Chief Justice of Quebec, 1990-1991; |
| 1991 - Present | Resumed law practice (as counsel) with Yarosky, Daviault & Isaacs, Montreal; |
| 1992 - 1994 | Part-time Member, Quebec Securities Commission; Chair, Committee on Alternate Dispute Resolution; |
| 1994 - 1995 | Consultant, Financial and Legal Management Upgrading Project, Government of the United Republic of Tanzania; |
| 1996 - 1998 | Sole Commissioner, *The Commission on Proceedings Involving Guy Paul Morin* (an Ontario Royal Commission set up to inquiry into the circumstances of the wrongful conviction of Guy Paul Morin on a charge of first-degree murder). The Report of the Commission, containing 119 Recommendations for the better administration of criminal justice, was published on April 9, 1998, and is available on the internet at www.gov.on.ca/ATG/morin; |
| 1997 - | Member, ADR Chambers, a Toronto-based Alternative Dispute Resolution Group (http://www.adrchambers.com). |
| 1998 - 1999 | Appointed by the Attorney General of Nova Scotia to conduct a Review of the Public Prosecution Service and to "recommend appropriate means and mechanisms for accountability, independence, efficiency of operation and communication." The Final Report was published on June 9, 1999, and is available on the internet at www.gov.ns.ca/just. |
| 1998 - 1999 | Chair, Ontario Hydro Nuclear Independent Review Panel, a body set up jointly by Ontario Hydro and the Atomic Energy Control Board of Canada (now the Canadian Nuclear Safety Commission) with a mandate to review "the current state of labour/management and management/management relations in Ontario Hydro Nuclear and to assess their impact on the safety of operations at Ontario Hydro's nuclear facilities and the timely implementation of Ontario Hydro's nuclear recovery program." The Report of the panel was delivered on March 9, 1999. |

| | |
|---|---|
| 1999 - 2002 | Appointed by the Attorney General of Nova Scotia to conduct a Review of the Government's response to reports of physical and sexual abuse by provincial employees against former residents of provincially operated institutions. The Report was published on January 31, 2002, and is available on the internet at www.gov.ns.ca/just/; |
| 2000 | Co-chair, Tariff Review Task Force, Legal Aid Ontario; |
| 2000 - 2002 | Member, Royal Canadian Mounted Police Forensic Laboratories Services Advisory Group; |
| 2002 - 2004 | Appointed by the Minister of Justice and Attorney General of Canada "to examine the section 690 *Criminal Code* application of Steven Truscott and to provide advice to the Minister of Justice concerning the granting of a possible extraordinary remedy because of the circumstances of this case." (Truscott, then 14, was convicted of murder in 1959; his appeals were denied. He has throughout maintained his innocence and he now asks the Minister to re-assess his case in the light of new evidence.) Report filed on April 19, 2004. Case referred by Minister of Justice for review by the Court of Appeal for Ontario on October 28, 2004. |

**Honours:**

| | |
|---|---|
| 1971 | Created Queen's Counsel; |
| 1976 | Doctor of Civil Law (*honoris causa*), Bishop's University, Lennoxville, Quebec; |
| 1978 | Alumnus of the Year Award, Bishop's University Alumni Association; |
| 1990 | Human Rights Award, The Lord Reading Law Society, Montreal; |
| 1992 | Appointed Member of the Order of Canada. |

-4-

| | |
|---|---|
| 2002 | Elected Special Fellow in the Academy of Humanities and Social Sciences of the Royal Society of Canada in recognition of "exceptional contributions to scholarship and science." |
| 2003 | Recipient of the Criminal Justice Award (the G. Arthur Martin Medal), presented by the Criminal Lawyers' Association of Ontario. |

**Academic Appointments:**

| | |
|---|---|
| 1962 - 1968 | Lecturer in Criminal Law, Procedure and Evidence, Faculty of Law, McGill University; |
| 1968 - 1973 | Lecturer, later assistant professor, Department of Epidemiology and Health (Medical Jurisprudence), Faculty of Medicine, McGill University; |
| 1973 - 1995 | Guest Lecturer in Advanced Evidence Class, Faculty of Law, McGill University. Frequent participation in most Courts at McGill University and Université de Montréal; thesis examiner in law, Université Laval; |
| 1991 - 1993 | Visiting lecturer (Introduction to Business Law), Executive M.B.A. Program, Faculty of Commerce and Administration, Concordia University; |
| 1991 - 1994 | Adjunct Professor (Ethics in Management), Faculty of Management, McGill University. |

**Professional Activities:**

*Canadian Bar Association*

| | |
|---|---|
| 1962 - 1965 | Member of Council and Quebec Chairman, Criminal Justice Section. |

## *Bar of Quebec*

| | |
|---|---|
| 1963 - 1968 | Member, Public Relations Committee; |
| 1964 - 1967 | Member, Board of Examiners; |
| 1967 - 1968 | Member, Discipline Committee; |
| 1968 - 1970 | Member, Professional Ethics Committee; |
| 1969 - 1970 | Chair, Committee on Procedure in Criminal Matters; |
| 1969 - 1970 | Chair, Committee on the Administration of Criminal Justice; |
| 1970 - 1972 | Member, Committee on Judicial Appointments. |

## *Law Reform Commission of Canada*

| | |
|---|---|
| 1980 - 1990 | Member, Judicial Advisory Panel; |
| 1985 - 1990 | Member, Advisory Task Force on the New Criminal Code. |

Frequent consultant on projects related to criminal law, procedure and evidence.

## *Other*

| | |
|---|---|
| 1971 - 1973 | Conference of Commissioners on Uniformity of Legislation in Canada: Commissioner (representing the Attorney General of Quebec); |
| 1991 - 1993 | Social Sciences and Humanities Research Council of Canada: Member, Adjudication Committee Strategic Grants Division (Applied Ethics); |
| 1991 | Honorary life member, Canadian Judges Conference; |
| 2004 - | Member, Ontario Securities Commission Enforcement Advisory Group. |

## Publications:

***Searching for Justice: An Autobiography***, University of Toronto Press, November 2005.

***The Admissibility of Confessions***, The Carswell Company Limited, Toronto

| | |
|---|---|
| 1960 | First Edition |
| 1974 | Second Edition |
| 1979 | Third Edition |
| 1983, 1985, 1986 | Supplements to the Third Edition |